**In re Clifford Erwin SQUIRES, Debtor.**

**No. 3:06–BK–00026–JAF.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 23, 2006.

Lansing J. Roy, Jacksonville, FL, for debtor.

Gregory L. Atwater, Orange Park, FL, trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon the Trustee's motion for a determination that the personal property identified on the debtor's Schedules B and D filed with the Bankruptcy Court is of consequential value or benefit to the bankruptcy estate. A hearing having been held on March 8, 2006, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Debtor filed his Chapter 7 bankruptcy petition on January 4, 2006.

2. Debtor filed with the Bankruptcy Court Schedules B and D identifying personal property of the bankruptcy estate which secured in whole, or in part, claims against the debtor.

3. Schedules B and D identified an Oceanside Bank certificate of deposit, account no. 200001910, having a value of $53,453.14. Debtor listed on Schedule D a lien on the certificate of deposit in favor of GE Commercial Distribution Finance Corporation, as successor in interest to Trans-America Commercial Finance Corporation in the amount of $34,428. Thus, Debtor listed equity in the certificate of deposit of $19,025.14.

4. Debtor listed on his Schedules B and D a 2004 Ford F350 Pickup Truck having a value of $36,487.50. Debtor listed a lien on the vehicle in favor of Navy Federal Credit Union in the amount of $28,726.76. Thus, debtor listed equity in this vehicle of $7,760.74.

5. Debtor listed on his Schedules B and D a 2001 Ford Expedition having a value of $14,750. Debtor listed a lien on this vehicle in favor of Ford Motor Credit Company in the amount of $4,753.12. Thus, the debtor listed equity in this vehicle of $9,996.88.

6. On February 2, 2006, the Trustee filed a motion for determination that the personal property identified on the debtor's Schedules B and D is of consequential value or benefit to the estate.

### Conclusions of Law

■ Section 362(h)(1) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "2005 Act") states:

In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease,

and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—

(A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

(B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

11 U.S.C. § 362(h)(1), (A) and (B). Section 362(h)(2) states:

Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by the subsection (a) shall terminate upon the conclusion of the hearing on the motion.

11 U.S.C. § 362(h)(2).

■ The Court finds that the personal property listed on Debtor's bankruptcy Schedules B and D is of consequential value or benefit to the bankruptcy estate. The Schedule D lists liens on the certificate of deposit and the two vehicles. The schedules show that there is equity in the certificate of deposit and two vehicles. Therefore, the certificate of deposit and two vehicles are of consequential value or benefit to the estate. The Court finds that there is no need to order adequate protection of the creditors' interest because of the equity. At this time, the Court will not order Debtor to deliver the vehicles in his possession to the Trustee. The Court reserves jurisdiction to make this determination upon the filing of a motion for turnover by the Trustee.

Based upon the foregoing, the Court will not terminate the automatic stay with respect to the personal property of the bankruptcy estate listed on Schedules B and D securing in whole or in part a claim. The Court will enter a separate order in accordance with these findings of fact and conclusions of law.

### ORDER GRANTING TRUSTEE'S MOTION FOR DETERMINATION THAT PERSONAL PROPERTY IS OF CONSEQUENTIAL VALUE OR BENEFIT TO THE ESTATE

This case is before the Court upon the Trustee's motion for a determination that personal property of the bankruptcy estate securing in whole or in part a claim is of consequential value or benefit to the estate. Based upon findings of fact and conclusions of law separately order, it is

ORDERED:

1. The motion is granted.

2. The Court will not terminate the automatic stay with respect to any of the personal property of the bankruptcy estate securing in whole or in part a claim listed on Debtor's bankruptcy Schedules B and D.